Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Cari Rockwell*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Cari Rockwell, | Case No.  2:20-cv-00464-SRB |
| Plaintiff, | **JOINT REPORT AND PROPOSED SCHEDULE** |
| v. | |
| Lincoln Life Assurance Company of Boston, | |
| Defendant. | |

Pursuant to the Court's May 20, 2020 Order (Doc. 8), the parties submit this Joint Report and Proposed Schedule:

**1.    Proposed Deadlines:**

**Deadline for Completion of Fact Discovery:**        April 2, 2021

**Deadlines for Submission of Dispositive Motions:**

    a.  Plaintiff's Opening Brief:        May 14, 2021

    b.  Defendant's Response Brief:        June 11, 2021

    c.  Plaintiff's Reply Brief:        June 25, 2021

*Plaintiff's counsel respectfully requests the briefing schedule be set further out than usual due to scheduling conflicts with briefing dates in several other cases.  Defendant does not oppose Plaintiff's counsel's request in this regard.*

-1-

The parties assert the most efficient manner to brief the case is by way of a Rule 56 type motion/brief and propose a limit of 30 pages for Plaintiff's Opening brief and Defendant's Response, and 20 pages for Plaintiff's Reply. Since a separate Statement of Facts is not permitted, any page limit less than the parties' proposal will not be sufficient to adequately brief the issues and voluminous records. Since this is an ERISA case, the parties will brief the "merits" based on a stipulated Administrative Record with reference to any additional extrinsic evidence admitted by the Court and through discovery.

**Plaintiff's Position:**

Plaintiff's dispositive briefing will address her allegation that she met the "Own Occupation" definition of disability in the Policy due to a disabling diagnosis/medical condition that is not a "Pre-Existing Condition," as that term is defined in the Policy. Consequently, Plaintiff's briefing will prove she is entitled to disability benefits due to her disability from August 6, 2018 through November 22, 2019, when she was finally medically able to return to work. Pursuant to Ninth Circuit law, in addition to the stipulated Administrative Record, briefing will include extrinsic evidence of Defendant's conflicts of interest and bias, as well as the conflicts of interest and bias of the medical records reviewers (including but not limited to Prudential's in-house reviewers, Derek A. Stern, Ph.D., Edward H. Drummond, M.D. and Amy Feitelson, M.D.) who were involved in the evaluation of and played a part in the denial of Plaintiff's claim. Plaintiff's dispositive briefing will also address Defendant's financial conflict of interest as a motivating factor for why it referred Plaintiff's claim to only its own employees for review.

**Defendant's Position:**

Defendant's briefing to the Court will establish that its determination on Plaintiff's claims for benefits was not only an abuse of discretion, but was reasoned, based on substantial evidence, and correctly interpreted the relevant plan documents. Evidence supporting the decision includes substantial clinical documentation during the pre-existing

condition period that Plaintiff had long standing treating and diagnoses of the conditions that she subsequently based her inability to work. The evidence clearly shows that the condition upon which Plaintiff based her eligibility for benefit was excluded by the pre-existing provision in the policy, as it was caused or contributed to by, or resulted from a pre-existing condition. Plaintiff received a full and fair review of her claims by Defendant, and that there is no evidence that so-called structural conflict affected the claim decisions. Additionally, Defendant did not commit any procedural violations with regard to the handling of and decisions on Plaintiff's claim. Moreover, Defendants deny that it breached any fiduciary or other duty owed to Plaintiff.

**Deadline for Submission of the Admin. Record to the Court:** May 14, 2021

The parties agree the Administrative Record should be filed under seal because it is voluminous and contains personal identifiers on a large percentage of pages which that would be burdensome to redact and more importantly, contain Plaintiff's sensitive medical records that should not be accessible to the public. Plaintiff asserts the parties' dispositive briefs may also properly be filed under seal as they will contain personal and medical information that should not be accessible to the public. The parties will file a motion to seal the Administrative Record and dispositive briefs prior to Plaintiff's Opening Brief.

**2.    A Discussion of Whether Plaintiff Needs to Engage in Discovery and its Scope:**

The parties disagree as to the standard of review and whether Plaintiff needs to engage in discovery and the scope of discovery. The parties will work to resolve these issues on their own and if they are unable to, they will file a notice setting a briefing schedule.

**Plaintiff's Position:**

The standard of review is *de novo*. The governing jurisdiction of Defendant's long-term disability Policy is Maryland. Maryland statute, specifically MD Ins. Code § 12-211 (2013), invalidates and bars any clause from being contained in a disability income policy

that delegates sole discretion to interpret its terms to an insurance company. Defendant's Policy, which grants it sole discretionary authority violates Maryland law. Because the Policy was renewed after MD Ins. Code § 12-211 (2013) was enacted in 2013, its discretionary language is void, unlawful and unenforceable. Thus, the Court will review the evidence in Plaintiff's claim *de novo* to determine whether she met the "Own Occupation" definition of disability due to a diagnosis/medical condition which is not a "Pre-Existing Condition" for the period of August 6, 2018 through November 22, 2019.

Regardless of the standard of review, Plaintiff needs to and should be entitled to engage in discovery given the extensive allegations in her Complaint (Doc. 1) regarding Defendant's structural financial conflict of interest and parsimonious claims handling. Discovery is permitted under either *de novo* (*Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1218 (9th Cir. 2007)) or discretionary review (*Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 969 (9th Cir. 2006)).  *Opeta* and *Abatie* require evaluation of Defendant's financial conflict of interest, and the conflicts of interest of *any* individual involved with or who may have influenced the decision to deny the claim, such as Defendant's retained reviewing medical experts. *Opeta* allows discovery under the circumstances that exist here (i.e. a conflicted insurance company, credibility of reviewing medical experts' opinions, a claim that would be based on a contract prior to ERISA). *Abatie* requires a "credibility" determination regarding the reasons the claim was denied; thus, Plaintiff needs to engage in discovery otherwise the Court will not be to adequately evaluate these issues if very limited or no discovery is permitted.

Other cases allow discovery on the above issues related reviewing medical doctors' opinions and third-party vendors such as *Demer v. IBM Corp. LTD Plan*, 835 F.3d 893 (9th Cir. 2016), *Montour v. Hartford Life Ins. Co.*, 588 F.3d 623, 634 (9th Cir. 2009), *Nolan v. Heald Coll.*, 551 F.3d 1148, 1156 (9th Cir. 2009), *Hertz v. Harford Life & Accident Co.*, 991 F. Supp. 2d 1135 (D. Nev. 2014), *Coffou v. Life Insurance Company of North America,*

No.2:19-03120-DLR, (D. Ariz. March 10, 2020), 2020 WL 1502104 and *Jones v. Life Insurance Company of North America,* No.2:19-04669-DLR, among others.

Plaintiff will propound interrogatories, request to produce documents and requests to admit. Plaintiff also seeks the *Demer* 30(b)(6) deposition of a corporate designee regarding Defendant's conflict of interest/bias and parsimonious claims handling.  Topics include but are not limited to the Defendant's bias/conflict mitigation measures implemented regarding its employees, retained vendors and reviewing doctors. Topics include Defendant's claims handling processes, its training/supervision of employees, vendors and medical records reviewers, etc., and the process(es) utilized to ensure compliance with ERISA and federal law.  Plaintiff seeks to depose Kimberly Murray, Defendant's employee who made the final decision and Dr. Feitelson, Defendant's in-house doctor who reviewed Plaintiff's claim and concluded she was not disabled and not entitled to benefits.

If Defendant retained a third-party vendor to hire a reviewing medical records reviewer, Plaintiff seeks a 30(b)(6) deposition of a representative from the third-party vendor(s), regarding the bias/conflict mitigation measures it/they have implemented, if any, to insure the independence/impartiality of their reviewing professionals.  Plaintiff anticipates needing approximately 4 depositions that will last no longer than four (4) hours each.

**Defendant's Position:**

The standard of review is whether Defendant's decision on Plaintiff's claim for benefits was an abuse of discretion, as the policy contains language to support such discretion.  The specific language of the Maryland statute relied upon by Plaintiff to assert that de novo review applies did not prohibit or void language granting discretionary review, and when considering the legislative history of this statute, the provision voiding such discretionary language was removed from the statute prior to enactment.

Under the abuse of discretion standard, certain discovery is permitted, but the amount and type of discovery must be tempered under the "tiebreaker" language in

*Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343 (2008), which raises a significant question whether information or documents concerning conflict are relevant in a case such as this one in which the administrative record clearly supports Defendants' decisions on Plaintiff's claim. In *Glenn*, the Supreme Court has stated that several different factors, including the existence and extent of conflict, must be considered in reaching results in these cases, but that "any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Glenn*, 128 S.Ct. at 2351. Thus, when strong evidence supporting the administrator's decision exists, the conflict issue is not a factor for consideration. Additionally, that discovery in these cases must be limited is especially true when considering, as the Supreme Court recently commented on again after its holding in Glenn, that by enacting ERISA, Congress intended "to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." *Conkright v. Frommert*, 559 U.S. 506, 130 S.Ct. 1640, 1646 (2010), citing *Varity Corp. v. Howe*, 516 U.S. 489, 497, 116 S.Ct. 1065 (1996). Permitting discovery of the type and extent of that suggested by Plaintiff here clearly frustrates the Congressional intent of efficiency in the administration of claims under ERISA.

RESPECTFULLY SUBMITTED this 10th day of June, 2020.

SCOTT E. DAVIS. P.C.                          IWANA RADEMAEKERS, P.C.

By: */s/ Scott E. Davis*                      By: */s/ Iwana Rademaekers*
    Scott E. Davis, Esq.                      Iwana Rademaekers, Esq.
    Attorney for Plaintiff                    Attorney for Defendant