# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Rockwell, | No.  CV 20-00464-PHX-SRB |
| Plaintiff, | **CASE MANAGEMENT ORDER** |
| v. | |
| Lincoln  Life  Assurance  Company  of  Boston, | |
| Defendants. | |

The Court enters the following Case Management Order to govern the litigation in this case:

1.    Any Rule 26 Initial Disclosure shall be made by **July 1, 2020.**

2.    <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>.    The  deadline  for  moving  to  join  parties,  amend  pleadings,  and/or  file supplemental pleadings is 3**0 days** from the date of this Order.

3.    <u>Discovery Limitations</u>.  Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests  for  admissions,  including  subparts.  No  depositions  may  be  taken  without agreement of the parties or further order of the Court.

4.    <u>Fact Discovery</u>.    The  deadline  for  the  completion  of  fact  discovery, including discovery by subpoena, shall be **April 2, 2021**.  To ensure compliance with this deadline, the following rules shall apply:

a.    Written Discovery:  All interrogatories, requests for production of document, and requests for admissions shall be served at least **45 days** before the discovery deadline.

b.    The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

5.    Neither party will be retaining an expert.

6.    Discovery Disputes.

a.    If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute.  The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference.  The Court may order written briefing if it does not resolve the dispute during the telephone conference.  The parties shall not file written discovery motions without leave of Court.[1]

b.    Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j).  Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

c.    Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

7.    The Administrative Record shall be filed no later than **May 14, 2021.**

8.    Dispositive Motions.

a.    Plaintiff's Opening Brief shall be filed no later than **May 14, 2021**.

---

[1] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

Defendant's Response Brief shall be filed no later than **June 11, 2021**.  Plaintiff's Reply Brief shall be filed no later than **June 25, 2021.**  The Opening Brief and Response Brief shall not exceed 30 pages.  The Reply Brief shall not exceed 20 pages.

            b.       No Statements of Fact may be filed

            c.       The parties shall not notice oral argument on any motion.  Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f).  The Court will issue an order scheduling oral argument as it deems appropriate.

      8.      <u>Good Faith Settlement Talks</u>.  All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **February 1, 2021**.  Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel.  The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case.  The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

      9.      <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.  The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

      10.     <u>Briefing Requirements</u>.

            a.       All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

. . .

. . .

. . .

. . .

b.      Citations in support of any assertion in the text shall be included in the text, not in footnotes.

Dated this 11th day of June, 2020.

_____
Susan R. Bolton
United States District Judge